# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adrian Hernandez,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-18-00413-PHX-DLR<br><br>**ORDER** |

      Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge James F. Metcalf (Doc. 25) regarding Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). The R&R recommends that the petition be denied and dismissed with prejudice. The Magistrate Judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. Petitioner filed an objection to the R&R on March 29, 2019, (Doc. 26), and Respondents filed their response on April 15, 2019 (Doc. 27).

      The Court has considered the objections and reviewed the R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). The Magistrate Judge correctly found the petition is untimely. As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress set a one-year statute of limitations for all applications for writs of habeas corpus filed pursuant to § 2254, challenging convictions and sentences rendered by state courts. 28 U.S.C. § 2244(d). Petitioner did not meet that one-year limitation.

Petitioner's one-year habeas limitations period commenced on May 1, 2012, the day after his proceeding with Arizona Supreme Court was dismissed. However, because Petitioner commenced his first post-conviction relief ("PCR") proceeding on April 10, 2012, before his limitations period began to run, the limitations period was tolled from its inception, through May 8, 2015, when the Arizona Court of Appeals issued its mandate on its order denying relief. His one-year limitations period expired one year later, on May 8, 2016. Petitioner's habeas petition (Doc. 1) is deemed filed on January 30, 2018, more than a year after the expiration of his one-year limitations period. The R&R correctly concluded that the petition is untimely, as it was not filed within the one-year deadline.

Petitioner raises multiple objections to the R&R but fails to establish a basis for additional tolling of the one-year limitations period. Petitioner's newly discovered evidence assertion is without merit. The alleged newly discovered evidence is based on the trial record, which could have been discovered with reasonable diligence during the filing period set forth in 28 U.S.C. § 2244(D)(1)(a).

Petitioner's assertions that the time between his first and second PCR proceeding should be tolled because they are related, and that he deserves equitable tolling because he is a non-English speaker, will not be considered because those argument were not made to the Magistrate Judge. *See Unites States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000).

Petitioner's assertion that the limitations period should be tolled because his PCR counsel was ineffective is a re-argument of the issues he raised to the Magistrate Judge. He does not identify any specific error in the Magistrate Judge's finding on that issue. The Magistrate Judge correctly found that alleged infective assistance conduct—the omission of a claim for relief—was not the type of extraordinary attorney misconduct that warrants equitable tolling. *See Holland v. Florida*, 560 U.S 631, 651-52 (2010).

Petitioner's assertion that the inadequacy of the prison library prevented a timely filing of his habeas petition is not supported by any explanation of what the inadequacy was or how the inadequacy prevented him from meeting the one-year filing period.

Petitioner has not shown a basis for additional statutory tolling, equitable tolling, or

| | |
|---|---|
| 1 | actual innocence.  The Court therefore accepts the R&R within the meaning of Federal |
| 2 | Rule of Civil Procedure 72(b) and overrules Petitioner's objections.  *See* 28 U.S.C. § |
| 3 | 636(b)(1). |

**IT IS ORDERED** that the R&R (Doc. 25) is **ACCEPTED**.  A Certificate of Appealability and leave to proceed in forma pauperis on appeal (Doc. 28) are **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.  The Clerk of the Court shall enter judgment denying and dismissing Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) with prejudice and shall terminate this action.

Dated this 15th day of May, 2019.

Douglas L. Rayes
United States District Judge